**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WILL S. GREER, II,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
DA-0752-14-0055-I-1

DATE: September 12, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ernie Garza, Universal City, Texas, for the appellant.

Lawrence Lynch, Esquire, Joint Base San Antonio, Randolph, Texas, for
    the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed his removal appeal for lack of jurisdiction. Generally, we grant
petitions such as this one only when: the initial decision contains erroneous
findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The agency employed the appellant as a Motor Vehicle Operator.  *See* Initial Appeal File (IAF), Tab 5, Subtab 4b at 14.  On November 8, 2012, the agency issued a notice of proposed removal, charging the appellant with (1) discourteous conduct, and (2) inappropriate comments.  *Id*. at 18-21.  The charges stemmed from the appellant's actions during a traffic stop.  *See generally id*. at 28-36 (transcript of the traffic stop), 44 (police video of the traffic stop).

¶3        On the same day as the notice of proposed removal, the appellant entered into a last chance agreement (LCA) with the agency.  *Id*. at 22-24.  Among other things, the LCA provided that the agency would hold the proposed removal in abeyance for 36 months, while the appellant would attend an approved anger management program, accept a 14-day suspension, and waive his Board appeal rights.  *Id*.  During the 36-month abeyance, the agency retained the right to reinstate the proposed removal if the appellant committed any act of misconduct. *Id*. at 22-23.

¶4        Effective October 7, 2013, the agency removed the appellant for violating the LCA.  *Id*. at 3-5.  According to the agency, the violation stemmed from the appellant's inappropriate comments to a supervisor.  *Id*. at 4-5; *see id*. at 8 (the

appellant's statement about his comments), 9-13 (witness statements about the appellant's comments).

¶5     The appellant appealed his removal to the Board. IAF, Tab 1. In an acknowledgment order, the administrative judge explained the appellant's burden of proving that the Board had jurisdiction over his appeal in light of the LCA. IAF, Tab 2 at 2.

¶6     After holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision (ID). In her dismissal, the administrative judge concluded that the appellant voluntarily entered into the LCA, waived his Board appeal rights, and failed to show that the agency acted in bad faith by invoking the agreement to effect his removal. ID at 4-8. The appellant has filed a petition for review.[2] PFR File, Tab 1, Tab 2. The agency has filed a response, PFR File, Tab 4, and the appellant has replied,[3] PFR File, Tab 5.

¶7     The appellant has the burden of proof on the issue of jurisdiction. *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008); 5 C.F.R. § 1201.56(a)(2)(i). The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board. *Easterling*, 110 M.S.P.R. 41, ¶ 12. To establish that a waiver of appeal rights in the LCA should not be enforced, an appellant must show one of the following: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Id.*

---

[2] The appellant filed a timely petition for review. Petition for Review (PFR) File, Tab 1. He then filed a second petition, PFR File, Tab 2, which has been construed as a supplement to the initial petition, PFR File, Tab 3.

[3] The appellant's reply consists of a letter addressed to "General," requesting that his debarment from base privileges and access be reconsidered. PFR File, Tab 5 at 4-5. We have considered the letter to the extent that it contains arguments pertaining to his LCA.

¶8　　　　In his petition for review, the appellant did not cite any of the above bases for establishing that his waiver of appeal rights in the LCA should not be enforced. However, he argues that the administrative judge erred by not adequately considering his medical history. PFR File, Tab 1 at 3; *see* ID at 7 (the administrative judge's discussion of the appellant's testimony regarding his mental health). According to the appellant, he has a history of mood disorder, depression, and post-traumatic stress disorder. PFR File, Tab 1 at 3, Tab 5 at 5. He suggests that these conditions, along with alleged agency dysfunction, resulted in the confrontational episodes and discipline at issue. PFR File, Tab 5 at 4-5.

¶9　　　　Despite the appellant's assertion that he suffers from mood disorders, we are unable to discern how that relates to the requirement that he show that (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. It is well-settled that an agency can initiate disciplinary action for acts of misconduct by its employees; neither the Rehabilitation Act nor the Americans with Disabilities Act immunizes disabled employees from being disciplined for misconduct in the workplace, provided that the agency would impose the same discipline on an employee without a disability. *E.g.*, *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 34 n.10 (2012), *review denied*, 120 M.S.P.R. 363 (2013) (Table). Therefore, we find no merit to the appellant's argument[4] that the administrative judge should have considered his medical conditions further.

---

[4] With his petition for review, the appellant submitted a January 22, 2014 rating decision from the Department of Veterans Affairs (VA). PFR File, Tab 2 at 5-11. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, it is conceivable that the appellant's VA rating decision was previously unavailable, because it is dated just 4 days prior to his hearing before the administrative judge and is, in part, based on a medical report dated the same day. *See* PFR File, Tab 2 at 5-6. However, we find that this new evidence is not of sufficient weight to warrant an outcome different from that of the initial decision,

¶10        Other than asserting that the administrative judge should have considered his medical conditions further, the appellant's petition failed to present any substantive argument that the judge erred.  Instead, he presents vague assertions such as "morale problems, mismanagement, disloyalty, racism, and a host of other controversial matters" within the agency, PFR File, Tab 5 at 4, without explaining how these allegations relate to the dismissal of his Board appeal.  He also described the administrative judge as having "no clue," characterized her decision as a "stupid verdict," and warned that "somebody is going to pay for this wrongdoing!"  PFR File, Tab 2 at 3.  These assertions reflect disagreement; however, mere disagreement with an administrative judge's findings and credibility determinations does not warrant full review of the record by the Board. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

and we therefore decline to consider it.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.